**Loren W. Collins**, OSB 822213
Email: lorencollins2014@outlook.com
Loren Collins P.C.
780 Commercial St., Ste. 202
Salem, OR  97301
Tel.  971.273.0427
Fax: 503.689.1493
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **KELLY EASTERDAY,**<br><br>　　　　**Plaintiff,**<br><br>vs.<br><br>**FIRST FEDERAL SAVINGS AND LOAN AND MICHAEL KEITH,**<br><br>　　　　**Defendants.** | Case No:<br><br>**COMPLAINT**<br><br>Discrimination and Hostile Work Environment on the Basis of Age – 29 USC § 621 and ORS 659A.030; Discrimination and Hostile Work Environment on the Basis of Sex - 42 U.S.C. § 2000e and ORS 659A.030; Retaliation for Filing Civil Rights Claim – 42 USC § 2000e-3, 29 USC § 621(d) and ORS 659A.030(1)(f); Common Law Intentional Infliction of Emotional Distress<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges:

## NATURE OF THE ACTION

1.  This is an action for monetary damages, including compensatory damages, liquidated damages, punitive damages and attorney fees and costs, to redress unlawful employment discrimination and the creation of a hostile work environment against Plaintiff Kelly Easterday by Defendants First Federal Savings and Loan and Michael Keith on the basis of

Plaintiff's age and sex (gender) as well as intentional infliction of emotional distress. As a result of this discrimination, Defendant violated Plaintiff's federal rights under Title VII, 42 USC § 2000e *et. seq*., 29 USC § 621; and violated Plaintiff's rights under state law pursuant to ORS 659A.030 and Oregon common law.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1343, civil rights jurisdiction. Plaintiff requests that this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367, with respect to her claim for relief based on Oregon statute and common law because the state claims arise from the same nucleus of operative facts as the federal claims.

3. Venue is in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claims arose in this judicial district and Defendants First Federal Savings and Loan and Michael Keith reside in this district.

4. Plaintiff brings this action under Title VII, 42 U.S.C. § 20003, *et. seq.*; the ADEA, 29 USC § 621; and ORS 659A.030 within ninety (90) days of her receipt of a Notice of Right to Sue issued by the Oregon Bureau of Labor and Industries ("BOLI") with which Plaintiff filed a civil rights claim (BOLI Case No. AGEMAG170807-41049). BOLI has a work sharing agreement with the federal Equal Employment Opportunity Commission ("EEOC") and acts as an agent of the EEOC with respect to Plaintiff's claims under Title VII and the ADEA. A copy of the Notice of Right to Sue from BOLI is attached hereto as Exhibit "1" to this complaint.

5. Plaintiff has requested a Notice of Right to Sue from the federal Equal Employment Opportunity Commission with which Plaintiff's civil rights claim was co-filed (EEOC Case

No. 38D-2017-00716C). Plaintiff will move to amend this complaint and will file a copy of the EEOC Notice of Right to Sue upon receipt of said Notice.

## PARTIES

6. Plaintiff Kelly Easterday is a resident of McMinnville, Yamhill County, Oregon. At all times material herein, Ms. Easterday was and still is an employee of Defendant First Federal Savings and Loan at its branch in McMinnville, Oregon.

7. Defendant First Federal Savings and Loan (hereinafter referred to as "Defendant First Federal") is a private bank organized and existing under the laws of the State of Oregon, authorized to do business in Oregon, and in good standing in the State of Oregon.

8. Defendant Michael Keith (hereinafter referred to as "Defendant Keith") is a Vice President at Defendant First Federal and at all times material herein was and is Plaintiff's supervisor.

## GENERAL ALLEGATIONS

9. Plaintiff is female. She is currently 55 years of age.

10. In 2000 Plaintiff became employed by Defendant First Federal as a loan processor.

11. In 2013 Defendant Keith became Plaintiff's supervisor at First Federal.

12. In 2013, after becoming Plaintiff's supervisor, Defendant Keith subjected Plaintiff to an increasingly hostile and abusive work environment by frequently yelling at her, calling her names such a "liar" and threatening her job. During office discussions Plaintiff would frequently become enraged and would rise up over Plaintiff in a physically imposing and intimidating manner.

13. Between 2013 and present Plaintiff observed that Defendant Keith treated older females in a manner consistent with the way he treated her as described in paragraph 12 above. On

the other hand, Defendant Keith did not treat male employees in this same manner nor did he treat younger females this way.

14. As a result of the manner in which Defendant Keith treated Plaintiff, Plaintiff was forced to take time off from work and seek counseling for emotional distress.

15. Plaintiff and other female employees complained to First Federal management about the actions of Defendant Keith. However, management ignored these complaints and failed to take any remedial action. As a result, Defendant Keith was allowed to engage in the abusive and hostile actions described above.

16. On June 15, 2017, Plaintiff was directed to meet with Defendant Keith to discuss some office events that had occurred the previous day. Plaintiff attempted to explain to Defendant Keith what had occurred. However, Defendant Keith refused to listen to Plaintiff and, instead, became enraged and yelled at Plaintiff. Defendant Keith told Plaintiff that she never told the truth. Plaintiff began to cry. Defendant Keith then told her not to email him about anyting, saying "don't fucking waste my time with your fucking stupid emails." Defendant Keith went on to state: "I'm going to be out of the office tomorrow and when I come back if I hear one thing about you, you are done." When Plaintiff tried to interject an explanation, Defendant Keith said, "one word and you are done." Plaintiff feared for her personal safety and went into another co-worker's office. As she was in that co-worker's office, Plaintiff saw Defendant Keith aggressively pacing up and down the hall. Plaintiff believed that Defendant Keith was looking for her. Plaintiff left the building and went home.

17. As a result of the actions set forth in paragraph 16, Plaintiff sought medical treatment on June 16, 2017, for her emotional distress. Plaintiff's physician took her off from work. Plaintiff was on medical leave until July 3, 2017, when she returned to work.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Sexual Discrimination and Hostile Work Environment Under

### Title VII, 42 U.S.C. § 2000e, et. seq. Against First Federal Savings and Loan

18. Ms. Easterday re-alleges paragraphs 1 through 17 above and incorporates said paragraphs herein by this reference.

19. Plaintiff's sex was either the sole factor, or was a motivating factor, in Defendant First Federal's discrimination against Plaintiff and its creation and maintenance of a hostile work environment against Plaintiff.   Alternatively, Defendant First Federal's actions had a disparate impact on female employees and, particularly, on older female employees.  As a result, Defendant First Federal violated Plaintiff's federally protected right to employment free of sexual discrimination as guaranteed by Title VII, 42 USC § 2000e, *et. seq.*

20. On or about August 7, 2017, Plaintiff filed an employment discrimination complaint with the Oregon Bureau of Labor and Industries ("BOLI") claiming discrimination on the basis of sex and age, Case No. AGEMAG170807-41049.  Plaintiff submitted a dual filing of this complaint with the federal Equal Employment Opportunity Commission ("EEOC"), Case No. 38d-2017-00716C.

21. On or about August 10, 2017, the Oregon Bureau of Labor and Industries issued a Notice of Right to File a Civil Suit in Case No AGEMAG170807-41049.  A copy is attached as Exhibit "1."  Plaintiff has requested a Notice of Right to Sue from the federal Equal Employment Opportunity Commission.

22. As a direct and proximate result of Defendant First Federal's conduct, Plaintiff

suffered and will continue to suffer emotional distress and loss of enjoyment of life. As a result, she is entitled to an award of compensatory damages in the amount of $250,000.

23. Defendant First Federal's conduct was outrageous in the extreme and in deliberate disregard of Plaintiff's federally protected rights. As a result, she is entitled to an award of punitive damages in the amount of $250,000.

24. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to an award of her attorney fees, expert fees and costs incurred herein.

## SECOND CLAIM FOR RELIEF

## Age Discrimination and Hostile Work Environment Under

## 29 USC § 621, et. seq. Against First Federal Savings and Loan

25. Plaintiff re-alleges paragraphs 1 through 17, 20 and 21 above and incorporates said paragraphs herein by this reference.

26. At all times material herein Plaintiff was and is an older person as defined by the Age Discrimination in Employment Act 29 USC § 621.

27. Plaintiff's age was either the sole factor, or was a motivating factor, in Defendant First Federal's discrimination against Plaintiff and its creation and maintenance of a hostile work environment against Plaintiff. Alternatively, Defendant First Federal's actions had a disparate impact on older employees and, particularly, on older female employees. As a result, Defendant First Federal violated Plaintiff's federally protected right to employment free of age discrimination as guaranteed by the federal Age Discrimination in Employment Act, 29 USC § 621 *et. seq.*

28. As a direct and proximate result, Plaintiff suffered time loss from work as well as emotional distress. Plaintiff is entitled to liquidated damages in the amount of her lost back pay in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF

### Sexual Discrimination and Hostile Work Environment Under

### ORS 659A.030, et. seq., Against First Federal Savings and Loan

29. Plaintiff re-alleges paragraphs 1 through 17 and 19 through 22 above and incorporates said paragraphs herein by this reference.

30. Defendant First Federal's conduct was outrageous in the extreme and in deliberate disregard of Plaintiff's protected rights under state law to avoid sexual discrimination based on ORS 659A.030. As a result, Plaintiff hereby gives notice of her intent to amend her complaint to include an award of punitive damages in the amount of $250,000.

31. Pursuant to ORS 659A.885, Plaintiff is entitled to an award of her attorney fees, expert fees and costs incurred herein.

### FOURTH CLAIM FOR RELIEF

### Age Discrimination and Hostile Work Environment Under

### ORS 659A.030, et. seq. Against First Federal Savings and Loan

32. Plaintiff re-alleges paragraphs 1 through 17 and 20, 21, 22 and 27 and incorporates said paragraphs herein by this reference.

33. At all times material herein Plaintiff was and is an older person as defined by ORS 659A.

34. Defendant First Federal's conduct was outrageous in the extreme and in deliberate disregard of Plaintiff's protected rights under state law to avoid sexual discrimination on the

basis of age pursuant to ORS 659A.030.  As a result, Plaintiff hereby gives notice of her intent to amend her complaint to include an award of punitive damages in the amount of $250,000.

35.    Pursuant to ORS 659A.885, Plaintiff is entitled to an award of her attorney fees, expert fees and costs incurred herein.

## FIFTH CLAIM FOR RELIEF

### Retaliation Against Defendant First Federal Based on ORS 659A.030(1)(f)

36.    Plaintiff realleges paragraphs 1 through 17, 20 and 21 and incorporates said paragraphs herein by this reference.

37.    On or about September 25, 2017, Plaintiff was given her annual review.  During this time Plaintiff is typically given a raise based on merit ranging from 3 to 5% of her hourly wages.

38.    During her review Plaintiff was told that she needed to let go of her dispute with Defendant Keith and was told that no one liked her. Plaintiff received a lower evaluation and for the first time in 17 years Plaintiff was denied a merit raise.

39.    Plaintiff was denied a raise in retaliation for having filed a complaint with the Oregon Bureau of Labor and Industries in violation of ORS 659A.030(1)(f).

40.    As a result of the denial of a merit raise Plaintiff suffered an economic loss of 69 cents per hour, which equals approximately $1,435 per year.  As of this time, Plaintiff has suffered a loss of $240.

41.    As a result of this retaliation Plaintiff has also suffered emotional distress for which she is entitled to compensatory damages in the sum of $250,000.

42. Defendant First Federal's retaliation was outrageous in the extreme and in deliberate disregard of Plaintiff's protected rights under state law to avoid retaliation for the filing of civil rights claims.  As a result, Plaintiff hereby gives notice of her intent to amend her complaint to include an award of punitive damages in the amount of $250,000.

43. Pursuant to ORS 659A.885, Plaintiff is entitled to an award of her attorney fees, expert fees and costs incurred herein.

## SIXTH CLAIM FOR RELIEF

## RETALIATION AGAINST DEFENDANT FIRST FEDERAL BASED ON TITLE VII (42 USC § 2000e-3) and the ADEA (29 USC § 623(d))

44. Plaintiff realleges paragraphs 1 through 17, 20 and 21 and incorporates said paragraphs herein by this reference.

45. On or about September 25, 2017, Plaintiff was given her annual review.  During this time Plaintiff is typically given a raise based on merit ranging from 3 to 5% of her hourly wages.

46. During her review Plaintiff was told that she needed to let go of her dispute with Defendant Keith and was told that no one liked her. Plaintiff received a lower evaluation and for the first time in 17 years Plaintiff was denied a merit raise.

47. Plaintiff was denied a raise in retaliation from having filed a complaint with the federal Equal Employment Opportunity Commission in violation of Title VII, 42 USC § 2000e-3, and the Age Discriminatin in Employment Act (ADEA), 29 USC § 623(d).

48. As a result of the denial of a merit raise, Plaintiff suffered an economic loss of 69 cents per hour, which equals approximately $1,435 per year.  As of this time, Plaintiff has suffered a loss of $240.

49. As a result of this retaliation Plaintiff has also suffered emotional distress for which she is entitled to compensatory damages in the sum of $250,000.

50. Defendant First Federal's conduct was outrageous in the extreme and in deliberate disregard of Plaintiff's federally protected rights to avoid retaliation for the filing of a civil rights complaint. As a result, Plaintiff is entitled to punitive damages in the sum of $250,000.

51. Pursuant to 42 USC § 1988, Plaintiff is entitled to an award of her attorney fees, expert fees, and costs incurred herein.

## SEVENTH CLAIM FOR RELIEF

### Claim for Aiding and Abetting Against Defendant Keith

52. Plaintiff re-alleges paragraphs 1 through 17, 20 and 21 and incorporates said paragraphs herein by this reference.

53. Defendant Keith aided, abetted and/or incited discriminatory and/or retaliatory actions by Defendant First Federal on the basis of sex and/or age as alleged herein in violation of ORS 659A.030(1)(g).

54. As a direct and proximate result of Defendant Keith's actions, Plaintiff has suffered and continues to suffer emotional distress and inconvenience. As a result, Plaintiff is entitled to compensatory damages in the amount of $250,000.

55. Defendant Keith's conduct was outrageous in the extreme and in deliberate disregard of Plaintiff's protected rights. As a result, Plaintiff hereby gives notice of her intent to amend her complaint to include an award of punitive damages against Defendant Keith in the amount of $250,000.

56. Plaintiff is further entitled to such other equitable relief as the Court may find appropriate.

57. Plaintiff is also entitled to reasonable attorney fees and costs pursuant to ORS 659A.885.

## EIGHTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

### Against First Federal and Keith

58. Plaintiff realleges paragraphs 1 through 17 and incorporates said paragraphs herein by this reference.

59. Defendants intentionally inflicted emotional distress upon Plaintiff through the actions of Defendant Keith described hereinabove.

60. As a direct and proximate result of Defendant Keith's actions, Plaintiff has suffered and continues to suffer emotional distress and inconvenience. As a result, Plaintiff is entitled to compensatory damages in the amount of $250,000.

61. Defendant Keith's conduct was outrageous in the extreme. As a result, Plaintiff hereby gives notice of her intent to amend her complaint to include an award of punitive damages against Defendant Keith in the amount of $250,000.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendants First Federal and Keith as follows:

1. For an award of compensatory damages relating to the discrimination, retaliation and a hostile work environment in the sum of $250,000;

2. For an award of economic damages relating to retaliation in the sum of $1,435 per year;

3.  For liquidated damages in the amount of Plaintiff's lost back pay to be determined trial;

3.  For punitive damages in the sum of $250,000;

4. For Plaintiff's attorney fees and costs incurred herein pursuant to 42 U.S.C. § 1988 as to the First, Second and Sixth Claims for Relief and pursuant to ORS 659A.885 as to the Third, Fourth and Fifth Claims for Relief; and

5. For such other relief as the Court deems equitable.

DATED this 28th day of November 2017

/s/ Loren W. Collins_____
Loren W. Collins, OSB 822213
E-mail: lorencollins2014@outlook.com
Loren Collins P.C.
780 Commercial St., Ste. 202
Salem, OR 97301
Tel. 971.273.0427/Facsimile 503.689.1493
Attorney for Plaintiff